Brett E. Lewis, Esq.
Justin Mercer, Esq.
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@ilawco.com
justin@ilawco.com

*Counsel for David Michaels*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MICHAELS,<br><br>                    *Plaintiff*,<br><br>    v.<br><br>AGROS TRADING CONFECTIONERY SPÓŁKA AKCYJNA,<br><br>                    *Defendant*. | Case No: 1:16-cv-01015-LJV-JJM |
| AGROS TRADING CONFECTIONERY SPÓŁKA AKCYJNA,<br><br>                    *Counterclaimant*,<br><br>    v.<br><br>DAVID MICHAELS,<br><br>                    *Counterdefendant*. | |

## PLAINTIFF/COUNTERCLAIM DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION

July 9, 2018

Plaintiff / Counterclaim Defendant David Michaels ("Michaels" or "Plaintiff"), by his attorneys, hereby submits these Objections to Magistrate Judge McCarthy's Report and Recommendation on Plaintiff's Motion to Dismiss the First Amended Counterclaims [ECF No. 27-main] ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) ("Report and Recommendation").

## INTRODUCTION

On June 25, 2018, Magistrate Judge McCarthy issued a Report and Recommendation, granting in part, and denying in part, the motion by plaintiff/counterclaim defendant David Michaels [ECF No. 23], seeking dismissal of Defendant Agros' counterclaims, which allege, among other claims, trademark and trade dress infringement, pursuant to Fed. Rule Civ. P ("Rule") 12(b)(6).  Michaels respectfully objects to those portions of the proposed findings and recommendations that: 1) improperly placed the burden on Michaels to produce survey evidence of genericness, and 2) concluded that PTO findings of genericness are entitled to no weight on a motion to dismiss.  Michaels also seeks clarification of Magistrate Judge McCarthy's recommendations with respect to Michaels' motion to dismiss certain other causes of action, where no apparent findings of fact or recommendations were made.

## ARGUMENT

I.          **Objections to Proposed Findings and Recommendations**

Local Rule 72(b) Provides:

Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.

A. *The Finding that Michaels is Required to Submit Survey Evidence of Genericness on a Motion to Dismiss a Claimed Common Law Mark is Error*

Magistrate Judge McCarthy found that, to prevail on a motion to dismiss trademark infringement claims on the basis of genericness, Michaels was required to submit survey evidence. Respectfully, this is not correct.

As a preliminary matter, in none of the cases cited by Michaels in his moving papers or reply brief – which granted motions to dismiss on the basis of genericness – did the courts require survey evidence. *See Reese Pub. Co., Inc. v. Hampton Intern. Communications, Inc.*, 620 F.2d 7, 11 (2d Cir. 1980) (affirming dismissal on basis that phrase "Video Buyer's Guide" was generic); *Energy Intelligence Group, Inc. v. UBS Financial Services, Inc.*, 2009 WL 1490603, at *5-6 (E.D.N.Y. May 22, 2009) (granting motion to dismiss Lanham Act claim after determining "that the mark 'THE OIL DAILY' as used by Plaintiffs [to describe a publication about the oil industry] is generic, and not protectable.").

The USPTO's records create the presumption that Sesame Snaps is generic and Agros' claim that it is an invalid source identifier. As Michaels argued in his moving papers and reply brief [See Doc 23-1 at 13; Doc. 33 at 7], where a party asserts claims of trademark infringement predicated upon *common law* rights, the burden is on that party to establish that its mark functions as a valid source identifier, and is not generic. *See Energy Intelligence Group, 2009 WL 1490603, at *5-6 (failure to allege existence of valid, non-generic trademark warrants dismissal); Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F.Supp.2d 340, 352-55 (E.D.N.Y. 2007). In other words, the burden is on *Agros* to allege facts in its pleadings to support its bald assertions that its mark is not generic on motion to dismiss (or ultimately prove that) – not on Michaels to supply survey evidence that it is invalid.

Magistrate Judge McCarthy's citation to McCarthy on Trademarks ("McCarthy's") concerning the need for survey evidence is both incomplete, and also not applicable to the facts of this case.  First, although McCarthy's does state that, "[a] litigant who alleges that a designation is not a valid trademark because it is perceived as a generic name of a product or service and does not introduce a survey to support this challenge may be viewed as less than serious by some judges," it also makes clear that "there is no need for a survey if other evidence overwhelmingly proves that the disputed designation is of a generic nature." 2 McCarthy on Trademarks, §12:14.  Michaels, in fact, submitted overwhelming evidence that SESAME SNAPS is a generic mark.  Magistrate Judge McCarthy makes no findings of fact with respect to this evidence.

Second, the cases involving the necessity of consumer surveys involve attempts to invalidate *registered* trademarks, or to dismiss trademark infringement claims asserted by owners of *registered* trademarks.  Indeed, *Magic Wand, Inc. v. RDB, Inc.*, 940 F.2d 638, 641 (Fed. Cir. 1991), involved an appeal from a petition to cancel an *existing registration* at the Trademark Trial and Appeal Board of the USPTO.  It makes sense that where a *registered* mark is challenged as generic, survey evidence might be necessary to overcome the mark's legal presumption of validity.  In this case, however, Agros claims rights in a common law mark, which has been refused registration five times.  No legal presumption of validity exists – to the contrary, the burden is on Agros to allege facts in its pleadings that the mark is valid (i.e., not generic). *See Therapy Products, Inc. v. Bissoon*, 623 F.Supp. 2d 485, 493 (S.D.N.Y. 2009) (*citing Virgin Enters, Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003).  Accordingly, Magistrate Judge McCarthy erred in finding that survey evidence was required on a motion to dismiss an alleged common law trademark on the basis of genericness.

B.    *USPTO Determinations that a Mark is Generic are Entitled to Great Weight*

In his Report and Recommendation, Magistrate Judge McCarthy finds that the Court may only take judicial notice of the fact that the PTO made a finding, but may not ascribe any weight to such finding.  Michaels respectfully asserts that this too is error.

Michaels cited three cases, (*Murphy Door Bed Co. v. Interior Sleep Systems, Inc.*, 874 F.2d 95 (2d Cir. 1989); *Courtenay Communications Corp. v. Hall*, 334 F.3d 210 (2d Cir. 2003); and *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 101 (2d Cir. 1998)), for the proposition that courts should ascribe great weight to the findings of the PTO.  There is no question that courts within the Second Circuit have recognized the great deference owed to decisions by the PTO.  *See Syntex Labs., Inc. v. Norwich Pharmacal Co.*, 437 F.2d 566, 569 (2d Cir. 1971) (holding PTO decisions on trademark registration are "entitled to great weight"); *D.M. & Antique Import Corp. v. Royal Saxe Corp.*, 311 F.Supp. 1261, 1274 (S.D.N.Y.1970) ("[T]he expertise of the trademark examiners does entitle their views to respectful consideration.")); *Patsy's Italian Rest. Inc. v. Banas, 508 F.Supp.2d 194, 215 (E.D.N.Y.2007);* <u>Cullman Ventures, Inc. v. Columbian Art Works, Inc.,</u> 717 F.Supp. 96, 120 (S.D.N.Y.1989)*, disagreed with on other grounds,* <u>Car– Freshner Corp. v. S.C. Johnson & Son, Inc.,</u> 70 F.3d 267, 269 n. 1 (2d Cir.1995) (stating that "decision by the PTO is entitled to great weight."); <u>*Gucci v. Gucci Shops, Inc.,*</u> 688 F.Supp. 916, 927 (S.D.N.Y.1988) (stating that the PTO's refusal is entitled to substantial weight); *M & G Elecs. Sales Corp. v. Sony Kabushiki Kaisha*, 250 F.Supp.2d 91, 98 (E.D.N.Y.2003); *Genesee Brewing v. Stroh Brewing,.* 124 F.3d 137, 148 n. 11 (2d Cir. 1997) (Although the examiner's conclusion obviously is not dispositive, courts "nevertheless 'accord weight' to the initial conclusions of the Trademark Office.").

As the Second Circuit has explained:

The PTO's prior treatment of trademark applications may inform a court's analysis of inherent descriptiveness in a different way. Before deciding whether to grant an application, the agency determines the inherent distinctiveness of the mark at issue—and, in many instances, its constituent parts. Because the agency has developed expertise in trademarks, courts accord "great weight" to its conclusions … Thus, if the PTO has previously classified the particular mark before the court as either descriptive or suggestive, the court will generally follow suit absent compelling grounds for disagreement … And even where the PTO has not previously considered the particular mark at issue, courts may draw a measure of guidance from the way the agency has classified analogous marks.

*Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155 (2d Cir. 2016).

Accordingly, the rule that courts ascribe great weight to the findings of the PTO applies regardless of the context for the PTO refusal, for example, as here, a determination that an applied-for trademark is generic. *See e.g. Chum Ltd. v. Lisowski*, 2001 WL 243541, at *8 (S.D.N.Y. Mar.12, 2001) ("The Court [ ] gives weight to the PTO examiner's determination that [the mark] is generic."); *see also Arrow Fastener Co. Inc. v. Stanley Works,* 59 F.3d 384, 392-393 (2d Cir.1995) (court "accord[s] weight ... to the USPTO's decision not to register the mark without evidence of secondary meaning."). Furthermore, the rule applies regardless of the procedural posture of the case, whether on a motion for summary judgment, at trial, or on a motion to dismiss. *See e.g. Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 347 (S.D.N.Y. 2014). In *Kaplan Inc. v. Yun*, on a motion to dismiss, the defendant argued that the PTO's *initial* determination that the mark at issue had not acquired secondary meaning should be afforded weight. *Id.* at 348. Because the PTO, itself, reversed its initial determination, the *Kaplan* court held that the PTO's *initial* ruling was not entitled to any deference. *Id.* The court in *Kaplan*, did not, however, state that ascribing weight to PTO findings on a motion to dismiss was improper –

only that the PTO's initial determination was irrelevant *in that case* because the PTO reversed its position. *Id.*

The cases cited by Magistrate Judge McCarthy do not involve trademarks. Nor do they address whether it is proper for a court to disregard multiple refusals of a claimed trademark by the PTO – for the sole reason that the procedural posture is a motion to dismiss. *Iqbal* and *Twombly* make clear that mere conclusory allegations are not enough to save a deficient pleading. Where the question presented is whether a mark is generic and incapable of functioning as a trademark; where the USPTO has refused the mark in question on the basis of, *inter alia*, genericness in at least four different applications; and where the Second Circuit has instructed that the courts of this Circuit look to the PTO for guidance, Michaels respectfully submits that it is proper for this Court to consider the PTO's rulings, as they bear on the sufficiency of Agros' claims.

C.   *The Report and Recommendation Makes no Findings or Recommendations on Fifth and Sixth Counterclaims*

Michaels moved to dismiss the fifth and sixth counterclaims, brought under N.Y. Gen. Bus. Law §§ 349, 350, and 360-1. Magistrate Judge McCarthy's report and recommendation makes no factual findings or recommendations with regard to the disposition of these claims. Michaels respectfully requests that the Court address Michaels' motion with respect to these unaddressed causes of action, and dismiss them for the reasons stated in Michaels' moving papers and reply brief.

The Report and Recommendations similarly gives no consideration to the overwhelming evidence of genericness submitted by Michaels, contains no recitation of what the applicable legal standard is on a motion to dismiss a trademark infringement claim for genericness, and no discussion whether the evidence submitted meets that standard. Michaels respectfully submits

that, were the Court to consider the evidence before it, the Court too would conclude that a

Sesame Snap is a sesame snap as shown in the recipes in the USPTO's records.

## CONCLUSION

Based on the foregoing, and for the reasons stated in Plaintiff's motion papers [ECF Nos.

23, 24, 25 and 33], Plaintiff respectfully requests that the its motion to dismiss be granted in its

entirety.

DATED this 9th day of July 2018,


Respectfully Submitted:
LEWIS & LIN, LLC

By: /s/ Brett E. Lewis_____
Brett E. Lewis
Justin Mercer
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: brett@iLawco.com
        justin@iLawco.com

*Attorneys for Plaintiff / Counter-Defendant
David Michaels*