UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID MICHAELS,

        Plaintiff-Counterdefendant,

  v.

UNITOP SP. Z.O.O.,

        Defendant-Counterclaimant.

16-CV-1015
DECISION AND ORDER

On December 19, 2016, the plaintiff, David Michaels, commenced this action for a declaratory judgment under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. 1125(d), and for damages under 15 U.S.C. § 1114(2)(d)(iv) based on alleged reverse-domain-name hijacking. Docket Item 1. On April 20, 2017, the defendant, Unitiop Sp. Z.O.O. ("Unitop") (formerly Agros Trading Confectionary Spolka Akcyjna ),[1] filed an answer and counterclaims for, among other things, trademark and trade-dress infringement. Docket Item 5. On May 19, 2017, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10.

On October 18, 2017, Michaels moved to dismiss Unitop's counterclaims, Docket Item 23. On November 7, 2017, however, Unitop filed amended counterclaims. Docket Item 27. With the parties' agreement, Judge McCarthy deemed Michaels's motion to

---

[1] On October 30, 2019, the Court ordered that Unitop be substituted as a defendant, Docket Item 45, based on the parties' stipulation that Agros Trading Confectionary Spolka Akcyjna had been dissolved and Unitop had acquired the company, Docket Item 44.

dismiss as directed to Unitop's amended counterclaims. Docket Item 30.
On November 20, 2017, Unitop responded to the motion to dismiss, Docket Item 32, and on November 30, 2017, Michaels replied, Docket Item 33.

On June 25, 2018, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Michaels's motion should be granted in part and denied in part. Docket Item 35. Specifically, Judge McCarthy recommended that the Court allow Unitop's trademark-related counterclaims to proceed but dismiss Unitop's trade-dress-related counterclaims with leave to replead. *Id.* at 5.

On July 9, 2018, Michaels objected to the R&R on three grounds: (1) Judge McCarthy erroneously found that Michaels must submit survey evidence to prevail on a motion to dismiss; (2) Judge McCarthy did not give sufficient weight to determinations by the United States Patent and Trademark Office ("PTO"); and (3) Judge McCarthy failed to make findings on Unitop's Fifth and Sixth Counterclaims. Docket Item 36. On August 15, 2018, Unitop responded to the objections, Docket Item 41, and on August 29, 2018, Michaels replied, Docket Item 42.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the record in this case, the objection and response, and the submissions to Judge McCarthy. Based on that de novo review,

2

the Court accepts and adopts Judge McCarthy's recommendation to grant in part and deny in part Michaels's motion to dismiss Unitop's counterclaims.

First, Judge McCarthy did not, as Michaels claims, find that "to prevail on a motion to dismiss trademark infringement claims on the basis of genericness, Michaels was required to submit survey evidence." Docket Item 36 at 3. Instead, Judge McCarthy merely noted that survey evidence is often required to prove that a mark is generic and concluded that "[w]hether or not Michaels may ultimately demonstrate . . . that the phrase SESAME SNAPS is generic, he has not done so for the purposes of Rule 12(b)(6)." Docket Item 35 at 4. Although it is true—as Michaels observes—that there are some clear-cut instances when a mark can be deemed generic on a motion to dismiss, this is not one of those cases. *Cf. Reese Pub. Co., Inc. v. Hampton Intern. Communications, Inc.*, 620 F.2d 7, 11 (2d Cir. 1980) (affirming dismissal of trademark claims because "Video Buyer's Guide" was generic). In sum, this Court agrees with Judge McCarthy that at least at the pleading stage, the issue of whether the term "sesame snaps" is generic cannot be decided as a matter of law.

Second, although Michaels is correct that PTO determinations deserve substantial deference in deciding whether a mark is generic, that does not mean that a PTO decision is sufficient grounds to grant a motion to dismiss. None of the cases Michaels cites undermines Judge McCarthy's conclusion—with which this Court agrees—that a court may not "assume the truth of the PTO's findings" in deciding a motion to dismiss. Docket Item 35 at 3. So the PTO's prior determination does not tip the balance here.

3

Finally, Judge McCarthy's decision divided the counterclaims into two categories: trademark-related claims and trade-dress-related claims. The Fifth and Sixth Counterclaims include elements of both. The Fifth Counterclaim alleges injury to business reputation and dilution in violation of New York General Business Law §§ 349 and 350. The Sixth Counterclaim alleges unfair competition, trademark infringement, and dilution under New York General Business Law §§ 360-k and 360-l. After reviewing de novo Michaels's arguments for dismissal with respect to these claims, Docket Item 23-1 at 22-23, the Court agrees with Judge McCarthy that the Fifth and Sixth Counterclaims are adequately pled with respect to Unitop's trademark claims;[2] and to the extent that Unitop seeks to assert these counterclaims with respect to its trade-dress claims, it may replead them.

For the reasons stated above and in the R&R, Michaels's motion to dismiss Unitop's counterclaims, Docket Item 23, is GRANTED IN PART AND DENIED IN PART. Unitop's trade-dress claims are dismissed without prejudice to the filing of an amended

---

[2] Specifically, the Court finds that for the Fifth Counterclaim, Unitop has sufficiently pleaded "(1) consumer-oriented conduct that is (2) materially misleading and that (3) [Unitop] suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940, 944 N.Y.S.2d 452, 452, 967 N.E.2d 675 (2012)). And for the Sixth Counterclaim, Unitop has alleged adequately—at this stage of the case—that it possesses a "trademark [that] is 'truly of distinctive quality'" and that "there is a likelihood of dilution." *Sly Magazine, LLC v. Weider Publications L.L.C.*, 346 F. App'x 721, 723 (2d Cir. 2009) (emphasis omitted) (quoting *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983)). Whether or not Unitop can prove these allegations is a question for another day.

complaint **within 30 days of this order.**  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of May 19, 2017, Docket Item 10.

SO ORDERED.

Dated: October 31, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE