Brett E. Lewis, Esq.
Justin Mercer, Esq.
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
brett@ilawco.com
justin@ilawco.com

*Counsel for Plaintiff /*
*Counterclaim Defendant David Michaels*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MICHAELS, *Plaintiff,* v. UNITOP SP. Z.O.O., *Defendant.* | Case No: 1:16-cv-01015-LJV-JJM **ANSWER TO COUNTERCLAIMS** |
| UNITOP SP. Z.O.O., *Counterclaimant,* v. DAVID MICHAELS, *Counterdefendant.* | |

Plaintiff/Counterdefendant David Michaels ("Michaels") hereby answers the Second

Amended Counterclaim ("Counterclaim") of Defendant/Counterclaimant UNITOP SP. Z.O.O.

("Unitop" or "Counterclaimant") [ECF Dkt. #49] as follows:

## NATURE OF THE ACTION

122.    Michaels admits that Unitop alleges trademark infringement under the trademark laws of the United States, 15 U.S.C. §§ 1114 and 1125(a), and state law claims of trademark infringement and unfair competition, and unjust enrichment.

## PARTIES

123.    Michaels admits that he is an individual with his principal place of business at 11 Vincentian Drive #1288, Niagara University, NY, 14109. Michaels further admits that he is a Canadian citizen, but denies that the remaining allegations set forth in Paragraph 123 of the Counterclaim.

124.    Michaels denies so much of Paragraph 124 are is inconsistent with the referenced applications, however Michaels admits that his previously allowed SESAME SNAPS design trademark application SN 85045757, which K-Max Corp. filed in 2010 and assigned to him in 2012, showed addresses in Ontario, Canada. Michaels also admits that his abandoned March 2015 SESAME SNAPS design trademark application, SN 86570617, also used a Canadian address. Michaels admits that he owns a U.S. trademark registration for his MICHAELS signature design in which he also claimed Canadian citizenship and provided an address in Toronto, Canada.

125.    Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 125 of the Counterclaim.

## JURISDICTION

126.    Admitted.

127.    Admitted.

## STATEMENT OF FACTS

128.     Michaels denies the allegations of Paragraph 128, and affirmatively avers as follows:

A.      Dalimpex Ltd., a Canadian corporation incorporated on 1965-11-22, ("Dalimpex") imported and sold sesame snaps into Canada from about 1966 and into the USA since between 1998 and 2002, packaged and manufactured to its own specification and by more than one copacker.

B.      Multiple factories have produced sesame snaps in Poland for at least 100 years and exported them around the world.

C.      Sesame bars are softer, thicker, and longer than sesame snaps. Sesame bars are known by the Greek name pasteli. Pasteli originated in Greece and the Middle East over 6,000 years ago. The traditional recipe for sesame bars contains just two ingredients: sesame seeds and honey.

D.      Unitop and Agros Trading Confectionery S.A. ("AGROS") have never sold sesame bars; they have sold sesame snaps.

E.      Upon information and belief, Mr. Krzysztof Bubrowiecki formed AGROS in 2002. He also did business as PPHU Unitop Krzysztof Bubrowiecki, as PPHU Unitop Confectionary, and under his company Unitop-Optima S.A.

PPHU Unitop Confectionary sold sesame seed snaps to Dalimpex Ltd. ("Dalimpex") F.O.B. Poland in Dalimpex's packaging as a manufacturer/co-packer commencing in or about 1998 when Dalimpex Ltd sued Agros Trading Spolka Z.O.O., (a subsidiary of Agros Holdings SA) in Ontario, Canada, claiming

3

damages for breach of contract, breach of trust, breach of fiduciary duty, conspiracy, interference of economic relations and inducing breach of contract.

Agros Holdings SA sold its Canadian trademark registrations to Mr. Krzysztof Bubrowiecki's newly incorporated AGROS in 2002, anticipating that its subsidiary might lose the Ontario court case.

The Ontario Court of Appeal stayed the proceedings in a widely cited decision about the effect of arbitration clauses in business agreements, more than a year after K-Max Corp. acquired the business accounts, assets, and intellectual property of Dalimpex. *See* www.canlii.org/en/on/onca/doc/2003/2003canlii34234/2003canlii34234.html.

129.   Denied.

130.   Denied.

131.   Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 131 of the Counterclaim.

132.   Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 132 of the Counterclaim.

133.   Michaels denies each and every allegation in Paragraph 133, except as follows, Michaels denies the allegations of Paragraph 133, and affirmatively avers:

A.     Przedsiebiorstwo Handlu Zagranicznego Agros ("PHZ") was not a legal predecessor in title of Agros Holding SA.; there was no act by of the Polish federal government that passed ownership of PHZ's assets to Agros Holding SA after the fall of communist Poland.

B.      PHZ never had a valid title to any Sesame Snaps brands in Canada or the

USA. PHZ only began supplying sesame snaps to Dalimpex in or after 1984; PHZ

was only a broker of various agricultural food products made in Poland by various

manufacturers.

C.      PHZ fraudulently obtained Canadian trademark registrations for Sesame

Snaps wrapper designs in its own name in 1986, which included the following

disclaimer text: "The right to the exclusive use of the words SESAME SNAPS is

disclaimed apart from the trademark."

134.    Michaels denies the allegations of Paragraph 134.

135.    Admitted.

136.    Denied.  Michaels affirmatively avers that Agros Holding SA only assigned its

Canadian "protection rights" to the "Sesame Snaps" design marks registered in Canada, and

other unrelated design marks described as "Praline Wafers," and "Luxury Creme Fudge," etc.,

"in gross" to Agros Trading Confectionery S.A.:

**ARTICLE 2**

The Assignor hereby assigns and the Assignee hereby acquires the protection rights for the Trademarks at the price amounting to 154.600,00 zloty (say: one hundred fifty four thousand six hundred zloty) plus VAT (hereinafter the "**Price**"). The detailed list of prices for particular Trademarks is attached hereto as **Appendix 1**

137.    Michaels lacks sufficient information to admit or deny the allegations contained

therein, and on that basis denies each and every allegation in Paragraph 137 of the Counterclaim.

138.    Michaels denies the allegations of Paragraph 138, and affirmatively avers:

     A.     PHZ and Agros Holding SA were not predecessors in interest with respect to any trademark rights in the USA, as Agros Holding SA's assignment agreement did not articulate any US-based trademark rights.

     B.     PHZ and Agros Holding SA weren't listed as predecessors in interest with respect to any goodwill in trademark rights that AGROS claimed in its 2007 SESAME SNAPS Canadian trademark application number 1373036.

     C.     AGROS fraudulently filed Canadian applications 1373027 and 1373036 by falsely claiming use in Canada since 1971 when it was only incorporated in 2002 without listing any predecessors in interest and by claiming use when the use was by Dalimpex and K-Max Corp.

     D.     Unitop-Optima S.A. and PPHU Unitop Confectionary only supplied Dalimpex and K-Max Corp with sesame snaps in boxes that Dalimpex and K-Max Corp designed; K-Max was unaware of the existence of AGROS before 2008.

139.    Denied.

140.    Michaels denies the allegations of Paragraph 140, and affirmatively avers that UNITOP Spólka z ograniczona odpowiedzialnoscia is the current registered owner of the SESAME SNAPS word trademark registration for "confectionery products, namely, sesame bars" in Canada (Reg. No. TMA728997 filed in 2007).

141.    Michaels denies the allegations of Paragraph 141, and affirmatively avers that UNITOP Spólka z ograniczona odpowiedzialnoscia is the current owner of a SESAME SNAPS color design trademark registration for "confectionery products, namely, sesame bars" in Canada (Reg. No. TMA728998 filed in 2007).

142.    Admitted.

143.    Denied.

144.    Michaels denies the allegations of Paragraph 144, and affirmatively avers that on November 5, 1971, A.H. Walter Company applied for a U.S. trademark registration for SEZME BRAND SESAME SNAPS design mark on July 27, 1970, for "SESAME SNAPS" goods; the mark was registered on the Supplemental Register as Reg. No. 0930266; as such, the mark was deemed merely descriptive. Reg. No. 0930266 expired in 1992 and was abandoned.

145.    Michaels denies the allegations of Paragraph 145, and affirmatively avers that a number of companies sell "SESAME SNAPS" in the United States.  For instance, Black Tie Mercantile sells Polish-made "Louck's Sesame Snaps" and Polish-made "Sezme *brand Sesame Snaps" in the USA.  Further, Loucks sells Polish-made "Loucks Dark Chocolate Sesame Snaps, 1.4-Ounce Snaps (Pack of 24)" in the USA, ASIN: B004C1YOSM.  Additionally, "Zu-Store" sells Anglo-Dal's yellow wrapper "Sesame Snaps - 4 x 30g" in the USA. , and "Zorba Online" sells Anglo-Dal's yellow wrapper "Sesame Snaps Original 30 g (Pack of 24)" in the USA.

146.    Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 146 of the Counterclaim.

147.    Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 147 of the Counterclaim.

148.    Michaels admits as that AGROS was granted a registration of the AMKI ORIGINAL SESAME SNAPS & Design mark (Reg. No. 4227082), but affirmatively avers that the registration includes a Disclaimer for: "ORIGINAL SESAME SNAPS."

149.    Denied.

150.     Michaels lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies each and every allegation in Paragraph 150 of the Counterclaim.

151.     Michaels denies that Unitop's use of "SESAME SNAPS" on packaging functioned as a brand. Michaels lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies each and every allegation in Paragraph 151 of the Counterclaim.

152.     Denied.

153.     Denied.

154.     Michaels denies the allegations of Paragraph 154, to the extent that they imply that Michaels was a party to any litigation with AGROS—Michaels was not a party in either of the orders shown in Exhibits 2 and 3, and the UDRP decision is an administrative decision, which is non-binding and entitled to no weight.

155.     Admitted.

156.     Admitted.

157.     Admitted.

158.     Admitted.

159.     Michaels denies the allegations of Paragraph 159, and expressly avers that Unitop-Optima was K-Max Corp.'s manufacturer/co-packer of sesame snaps packaged in a box designed by K-Max Corp.; Abiamex Tomasz Grabowski occasionally acted as Unitop-Optima's agent for processing orders.  K-Max Corp never assigned any copyright rights in its Sesame Snaps and spread out wafers' box design to Unitop, Unitop-Optima, Abiamex Tomasz Grabowski, nor AGROS.

160.    Michaels avers that the decision speaks for itself, and refers the Court to the decision for its contents.  Michaels expressly avers that the referenced appeal was of a default judgment motion, decided on the basis of Pawel Celinski's perjured affidavit about AGROS's copyright rights in a box design.

161.    Denied.

162.    Admitted.

163.    Admitted.

164.    Admitted.

165.    Admitted.

166.    Admitted.

167.    Michaels avers that the documents speak for themselves.

168.    Paragraph 168 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 168 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.  Michaels affirmatively avers that Michaels wasn't a party to the Ontario action.  Upon information and belief, K-Max Corp wasn't served with it either, and the decision; it was obtained based on false affidavits.  Michaels further avers that:

A.    K-Max Corp., under the direction of Kryzysztof Werocy, designed the current design of the box packaging for Sesame Snaps in 2003 and Unitop is using it without authorization.

B.    AGROS falsely claimed that it had copyright protection in the Sesame Snaps packaging.

C.      K-Max Corp. was never a distributor of AGROS' product.  It didn't know that AGROS even existed until AGROS asserted trademark rights in 2008.

D.      Stanley J. Blumel created the Classic Sesame box design and K-Max Corp. obtained a US Copyright registration (Reg. No.: VAu001019253) for the 2-D artwork on 2010-03-09 and Canadian copyright registration for the artwork (Reg. No.: 1080718) on 2010-09-22.

E.      An Ontario court order has no force nor effect outside of Ontario.


169.    Denied.

170.    Paragraph 170 of the Counterclaim contains legal conclusions to which no response is required. To the extent Paragraph 170 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein, other than as stated in paragraph 47 of his Complaint.

171.    Paragraph 171 of the Counterclaim contains legal conclusions to which no response is required.  To the extent Paragraph 171 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

172.    Michaels denies that UNITOP owns a United States trademark in "SESAME SNAPS,"  and denies that he needs any authorization from Unitop to use "SESAME SNAPS" in connection with the sale of sesame snaps in the United States.  Michaels admits that he is using his US Registered trademark in accordance with the registration (USPTO Reg. No. 5086046) for SESAME SNAPS, plus design, (disclaiming "sesame snaps") in connection with "On-line retail store services featuring sesame based food products; Computerized on-line retail store services in the field of sesame based food products."

## FIRST COUNTERCLAIM
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

173.    Paragraph 173 of the Counterclaim does not contain any factual allegations requiring a response. To the extent Paragraph 173 of the Counterclaim contains a factual allegation that requires a response, Michaels realleges and incorporates by reference his responses to Paragraphs 122 to 172 as set forth above, and to the extent not expressly admitted or denied, denies each and every allegation therein.

174.    Paragraph 174 of the Counterclaim contains a legal conclusion to which no response is required.  To the extent that Paragraph 174 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

175.    Paragraph 175 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 175 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

176.    Paragraph 176 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 176 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

177.    Paragraph 177 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 177 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

178.    Paragraph 178 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 178 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

## SECOND COUNTERCLAIM
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

179.     Paragraph 179 of the Counterclaim does not contain any factual allegations requiring a response. To the extent Paragraph 179 of the Counterclaim contains a factual allegation that requires a response, Michaels realleges and incorporates by reference his responses to Paragraph 122 to 178 as set forth above, and to the extent not expressly admitted or denied, denies each and every allegation therein.

180.     Paragraph 180 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 180 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

181.     Paragraph 181 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 181 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

182.     Paragraph 182 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 182 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

## THIRD COUNTERCLAIM
## CANCELLATION OF U.S. REGISTRATION No. 5,086,046
## (15 U.S.C. §§ 1064 and 1119)

183.     Paragraph 183 of the Counterclaim does not contain any factual allegations requiring a response. To the extent Paragraph 179 of the Counterclaim contains a factual allegation that requires a response, Michaels realleges and incorporates by reference his responses to Paragraph 122 to 182 as set forth above, and to the extent not expressly admitted or denied, denies each and every allegation therein.

184.     Michaels admits that Michaels owns U.S. Trademark Registration No. 5,086,046, and expressly avers:

> A.     Michaels' Registration also claims, "The mark was first used anywhere in a different form other than that sought to be registered at least as early as 01/01/1971 and "the mark was first used anywhere in a different form other than that sought to be registered at least as early as 01/01/1971, and in commerce at least as early as 01/01/1998;" and

> B.     Michaels' Registration also claims, "Applicant is the successor-in-interest to expired USPTO registration number 2627618 for the trademark SESAME SNAPS CANDY/ FRIANDISE by Dalimpex Ltd. via an assignment from K-Max Corp. dated July 4, 2012. K-Max Corp. gained title to Dalimpex Ltd.'s title in USPTO registration number 2627618 from a payment default relating to a general security agreement entered into on January 2, 2001. Dalimpex Ltd. acknowledged the payment default on February 7, 2002."

185.     Paragraph 185 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 185 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

186.     Paragraph 186 of the Counterclaim contains a legal conclusion to which no response is required.

### FOURTH COUNTERCLAIM
### INJURY TO BUSINESS REPUTATION AND DILUTION IN VIOLATION OF N.Y. GEN. BUS. LAW §§ 349 and 350

187.     Paragraph 187 of the Counterclaim does not contain any factual allegations requiring a response.  To the extent Paragraph 187 of the Counterclaim contains a factual

allegation that requires a response, Michaels realleges and incorporates by reference his responses to Paragraph 122 to 186 as set forth above, and to the extent not expressly admitted or denied, denies each and every allegation therein.

188.     Paragraph 188 of the Counterclaim does not contain any factual allegations requiring a response.

189.     Denied.

190.     Paragraph 190 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 190 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

191.     Paragraph 191 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 191 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

### FIFTH COUNTERCLAIM
### UNFAIR COMPETITION OR TRADEMARK INFRINGEMENT
### UNDER N.Y. GEN. BUS. LAW § 360-k AND NEW YORK COMMON LAW

192.     Paragraph 192 of the Counterclaim does not contain any factual allegations requiring a response. To the extent Paragraph 192 of the Counterclaim contains a factual allegation that requires a response, Michaels realleges and incorporates by reference his responses to Paragraph 122 to 191 as set forth above, and to the extent not expressly admitted or denied, denies each and every allegation therein.

193.     Paragraph 193 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 193 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

194.    Paragraph 194 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 194 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

195.    Paragraph 195 of the Counterclaim contains a legal conclusion to which no response is required. To the extent that Paragraph 195 of the Counterclaim contains factual allegations that require a response, Michaels denies each and every allegation therein.

## AFFIRMATIVE DEFENSES

By alleging the affirmative defenses set forth below, Michaels intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or that Unitop is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Without admitting any liability whatsoever and without admitting that Unitop has suffered any loss or damage whatsoever, Unitop's Counterclaim, and each purported cause of action therein against Michaels, fails to state facts sufficient to constitute a cause of action against Michaels upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

Michaels has used the words "sesame snaps" only to describe its own goods and services, and not to describe or identify the plaintiff's goods or services.

### THIRD AFFIRMATIVE DEFENSE
**(Genericness)**

The claimed "sesame snaps" mark is generic when used in connection with the sale of sesame snap cookies or bars.  Sesame snaps are a type of cookie, just like ginger snaps and oatmeal raisin cookies.  The USPTO has rejected multiple attempts by Counterclaimants to register various "sesame snaps" marks, and Counterclaimants are aware that their assertion of trademark rights is wholly lacking in merit.

### FOURTH AFFIRMATIVE DEFENSE
**(Fraud)**

Unitop's implied claim of trademark registration—via its use of the trademark registration "®" symbol on the Sesame Snaps packaging that it sells in the US, which is unregistered,—misleads the public to believe that it is in fact registered and satisfies literal falsity standard under 15 U.S.C. § 43(a)(1)(B) of the Lanham Act.



*See* https://www.amazon.com/Sesame-Snaps-Packs-50g-1-8/dp/B073PK9N7S/

### FIFTH AFFIRMATIVE DEFENSE
**(Fraud)**

Unitop's predessor-in-interest, AGROS, obtained its Canadian trademark registrations for the words SESAME SNAPS and a design mark including the words Sesame Snaps by falsely claiming that it had used the trademark in Canada since 1971.

### SIXTH AFFIRMATIVE DEFENSE
**(Foreign Trademark Registrations have no effect in the US)**

Unitop's Canadian trademark registrations have no force nor effect in the US; thus, to the extent that Unitop purports to assert rights in this Court based upon such foreign trademark registrations and alleged conduct by Michaels in the US, Unitop fails to state a cause of action and should be estopped from doing so.

### SEVENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

In the alternative, without admitting any liability whatsoever and without admitting that Unitop has suffered any loss or damage whatsoever, Unitop's Counterclaims, and each purported cause of action therein against Michaels, is barred in whole or in part because by Unitop's words or actions, and it is estopped in whole or in part from bringing the claims it has asserted and/or the claims are barred by the doctrine of unclean hands.Unitop is using an almost identical copy of Kryzysztof Werocy's Sesame Snaps box with sesame wafers spread out on the packaging for Sesame Snaps without authorization, in its Amazon.com listing ASIN: B01BWA2QOY

https://www.amazon.com/Sesame-Snaps-packs-grams-weight/dp/B01BWA2QOY/



## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Unitop's and Agros' use of photos of a Classic Sesame package in its AMAZON listing

ASIN: B073PK9N7S is blatant copyright infringement of a registered US copyright.



## NINTH AFFIRMATIVE DEFENSE
### (Laches)

In the alternative, without admitting any liability whatsoever and without admitting that Unitop has suffered any loss or damage whatsoever, Unitop's Counterclaim, and each purported cause of action therein against Michaels, is barred in whole or in part by the doctrine of laches.

UNITOP and AGROS both failed to oppose:

a.      Either of Michaels' approved US trademark applications for Sesame Snaps and Design filed in 2010 and in 2016;

b.      Either of K-Max Corp.'s approved US trademark applications for Sesame Snaps and Design and for CLASSIC SESAME filed in 2010; and

c.      Dalimpex Ltd.'s trademark Reg. No. 2627618 for SESAME SNAPS CANDY/ FRIANDISE in 1998.

## TENTH AFFIRMATIVE DEFENSE
### (Fraud)

AGROS' affiant falsely claimed AGROS created the Sesame Snaps box with sesame wafers spread out on the packaging for Sesame Snaps in 2006 when no one at AGROS created it before Kryzysztof Werocy created it in 2003.



## ELEVENTH AFFIRMATIVE DEFENSE
### (Ontario Jurisdiction)

The Ontario court was without jurisdiction to find that K-Max Corp. could not use its Canadian CLASSIC SESAME registered trademark as only Canadian Federal Courts have the jurisdiction to determine whether two Canadian trademarks are confusing with each other.

Michaels was not a party to the proceedings against K-Max Corp. nor did AGROS serve Michaels with notice of the proceeding that resulted in a default judgment against K-Max Corp. and Ontario courts judgements only have an effect within the Province of Ontario with respect to intellectual property.

## TWELFTH AFFIRMATIVE DEFENSE
### (Fraud)

Unitop's claim to copyright in the packaging that K-Max Corp designed in 2003 is fraudulent. It didn't design the packaging; Kryzysztof Werocy of K-Max Corp. designed the Sesame Snaps box with sesame wafers spread out on the packaging for Sesame Snaps in 2003. Note the file date for the image "sesame snaps front copy.TIF" is 5/27/2003:



## RESERVATION OF RIGHTS

Michaels hereby reserves its rights to assert additional defenses at a later date as they become known to Michaels.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment dismissing the Counterclaims, with prejudice, granting Plaintiff the relief requested in his Complaint, and awarding Plaintiff fees, costs and such other relief as the Court may deem appropriate.

Dated:  Brooklyn, New York
     January 15, 2020

       LEWIS & LIN, LLC

       By: _/s/ Brett Lewis_____
       Brett Lewis, Esq.
       Justin Mercer, Esq.
       81 Prospect Street, Suite 8001
       Brooklyn, NY 11201
       Tel: (718) 243-9323
       Fax: (718) 243-9326
       Email: brett@iLawco.com
         justin@iLawco.com

       *Counsel for Plaintiff/Counterdefendant*