UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID MICHAELS, **CASE MANAGEMENT ORDER**
                             Plaintiff,

v.                                              16-CV-01015-LJV-JJM

UNITOP SP. Z.O.O.,

                             Defendant.
_____

Pursuant to the order of Hon. Lawrence J. Vilardo referring the above case to me for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on December 21, 2020, it is ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution ("ADR"),[1] this case has been referred to mediation, and the initial mediation session was completed on or about August 10, 2017.

1. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **January 29, 2021.** Rule 26(a)(1) requires each party to disclosure the following information without awaiting a discovery request:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information -

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    (ii)  a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    (iii)  a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (iv)  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  2.  All motions to join other parties and to amend the pleadings shall be filed by no later than **July 30, 2021**.

  3.  All fact discovery shall be completed by no later than **September 15, 2021**. If discovery disputes arise, the parties shall initially advise me of the dispute via letter or e-mail (copying opposing counsel). Upon review of the letter, I will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore,

informal submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

4. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **October 15, 2021**. Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **November 24, 2021**.

5. All expert depositions shall be completed by no later than **January 14, 2022**.

6. Pretrial dispositive motions, if any, shall be filed by no later than **February 28, 2022**. Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court. If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the following advisement:

**PLEASE BE ADVISED**, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial. Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you. **If summary judgment is entered against you, your case against the moving party will be dismissed.**

**PLEASE BE FURTHER ADVISED**, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial. In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

7. If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by **March 4, 2022** to schedule a trial date.

8. Mediation sessions may continue, in accordance with Section 5.12 of the ADR Plan, until **February 28, 2022**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause'**

**depends on the diligence of the moving party".** **Parker v. Columbia Pictures Industries**, 204 F.3d 326, 340 (2d Cir. 2000).

**SO ORDERED**.

Dated: December 21, 2020

                                                   /s/Jeremiah J. McCarthy
                                                   JEREMIAH J. MCCARTHY
                                                   United States Magistrate Judge