UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID T. MICHAELS,

                              Plaintiff,         **REQUEST FOR ADDITIONAL BRIEFING**

v.

UNITOP SP. Z.O.O.,                         **Case No. 1:16-cv-1015-LJV-JJM**

                              Defendants.
_____

UNITOP SP. Z.O.O.,

                              Counterclaimant,

v.

DAVID T. MICHAELS,

                              Counterdefendant.
_____

        The parties' familiarity with the relevant facts is presumed. The Domain Names at issue were ordered transferred pursuant to a November 20, 2016 WIPO Administrative Panel Decision [57-2].[1] Plaintiff/counterdefendant David Michaels "filed this action to stop the Panel's decision from being implemented". Complaint [1], ¶ 64, 102.

        However, his discussion of Abitron Austria GmbH v. Hetronic International, Inc., 600 U.S.___, 2023 WL 4239255 (2023) and Yegiazaryan v. Smagin, 599 U.S.___, 143 S. Ct. 1900 (2023) in his Supplemental Memorandum of Law [96] has led me to question whether this court would have subject matter jurisdiction to grant that relief. I must consider that issue even

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

though the parties do not raise it. *See* Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("district courts have an independent obligation to address subject-matter jurisdiction *sua sponte*").

## DISCUSSION

Although Michaels seeks declaratory relief "pursuant to 28 U.S.C. §§2201(a) and 2202" (Complaint [1], ¶5), "it is well settled that the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts and, thus, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment". Norton v. Town of Brookhaven, 2023 WL 3477123, *3, n. 4 (2d Cir. 2023) (Summary Order).

Michaels alleges that "[s]ubject matter jurisdiction exists in this case pursuant to 28 U.S.C. §1331 . . . and 28 U.S.C. §1338(a)". Complaint [1], ¶5. 28 U.S.C. §1331 gives the court "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States", and §1338(a) gives the court "jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks".

Michaels bases his claim for relief relative to the Domain Names upon 15 U.S.C. §§1114(2)(D)(iv) and 1114(2)(D)(v). *See* Complaint [1] at 17, ¶B. Section 1114(2)(D)(iv) provides that "[i]f a registrar, registry, or other registration authority takes an action . . . based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a *mark*, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorney's fees, incurred by the domain name registrant as a result of such action. The court may also grant injunctive

relief to the domain name registrant, including the reactivation of the domain name or the transfer of the domain name to the domain name registrant" (emphasis added).

Section §1114(2)(D)(v) provides that "[a] domain name registrant whose domain name has been suspended, disabled, or transferred under a policy *described under clause (ii)(II)* may, upon notice to the *mark* owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant" (emphasis added). Clause (ii)(II) [15 U.S.C. §§1114(2)(D)(ii)(II)] refers to "any action of refusing to register, removing from registration, transferring, temporarily disabling, or permanently canceling a domain name . . . in the implementation of a reasonable policy by such registrar, registry, or authority prohibiting the registration of a domain name that is identical to, confusingly similar to, or dilutive of another's *mark*" (emphasis added).

Therefore, whether Michaels' claim "arises under" these sections depends on the meaning of the word "mark". 15 U.S.C. §1127 states that "[t]he term 'mark' includes any trademark", and both Yegiazaryan and Abitron lead me to conclude that this means a trademark obtained under the laws of this country. "[T]he presumption against extraterritoriality . . . represents a canon of construction, or a presumption about a statute's meaning . . . . [T]he presumption is informed by the commonsense notion that Congress generally legislates with domestic concerns in mind." Yegiazaryan, 143 S. Ct. at 1908; Abitron, 2023 WL 4239255, *3.

"In nearly all countries, including the United States, trademark law is territorial - *i.e.*, 'a trademark is recognized as having a separate existence in each sovereign territory in which it is registered or legally recognized as a mark.' 5 McCarthy § 29:1, at 29-4 to 29-5. Thus,

each country is empowered to grant trademark rights and police infringement within its borders." Abitron, 2023 WL 4239255, *8. "Because of the territorial nature of trademarks, the probability of incompatibility with the applicable laws of other counties is . . . obvious." Id.

The WIPO Administrative Panel clearly had this distinction in mind. "The registrability or otherwise of any given trade mark is a territorial issue. The fact that the USPTO regards the term 'Sesame Snaps' as generic and/or descriptive does not necessarily mean that the term may not be distinctive elsewhere." [57-2] at 18. "[T]he Panel finds that the Domain Names are identical or confusingly similar to the Complainant's SESAME SNAPS trade mark, which is not only a registered trade mark in Canada, but . . . is likely also, in the view of the Panel, to be a common law or unregistered trade mark in Canada." Id. at 12. "The Panel does not regard the Complainant's . . . position in the United States as relevant to its trade mark position in Canada, *it being its Canadian trade marks upon which it is relying in this administrative proceeding*." Id. at 18 (emphasis added).

Therefore, since the WIPO Administrative Panel Decision involved Canadian trademarks, I tentatively conclude that Michaels' claims do not "arise under" federal law. On or before August 2, 2023 (the date scheduled for oral argument of defendants' motion for summary judgment [57]), the parties may, if so inclined, argue in writing why this tentative conclusion is erroneous. Additional time will be granted if requested.

SO ORDERED.

Dated: July 27, 2023

                                                                                              _/s/ Jeremiah J. McCarthy_
                                                                                     JEREMIAH J. MCCARTHY
                                                                                     United States Magistrate Judge