UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MICHAELS,<br><br>　　　　　Plaintiff-Counterdefendant,<br><br>v.<br><br>UNITOP SP. Z.O.O.,<br><br>　　　　　Defendant-Counterclaimant. | Case No.: 1:16-cv-01015-LJV-JJM<br><br>**DEFENDANT'S RESPONSE TO AMICUS BRIEF (Response to Doc. No. 101)** |

　　　　The amicus brief (Doc. No. 101) questions the tentative conclusion concerning subject matter jurisdiction in light of *Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S.___, 2023 WL 4239255 (2023) and *Yegiazaryan v. Smagin*, 599 U.S.___, 143 S. Ct. 1900 (2023).[1] The amicus brief also asserts that the word "mark" under the ACPA means any mark (not just U.S. registered marks), and that the court has jurisdiction to hear the pending motion for summary judgment on the merits.

　　　　Assuming *arguendo* that the amicus brief is correct on the topic of the court's jurisdiction under ACPA, this Court should uphold the WIPO decision and refrain from upsetting Defendant's Canadian trademark rights. In other words, if the Court finds that it does have subject matter jurisdiction, it still should not overturn the WIPO decision, as that decision was based upon valid and subsisting Canadian trademark rights.

　　　　It is undisputed that Defendant's predecessor filed a proceeding with WIPO asserting Canadian trademark rights, and the WIPO Panel decided that proceeding in favor of Defendant's

---

[1] The tentative conclusion is set forth in Doc. No. 97, filed on 7/27/23.

6172431v1 - 062717.0001

predecessor.  Unhappy with the decision, Plaintiff Michaels then sued Defendant's predecessor, a Polish entity, in the Western District of New York, seeking to reverse the WIPO Panel's decision.

As set forth in Defendant's Motion for Summary Judgment, there is a long history between the parties in Canada.  Plaintiff was well aware of Defendant's predecessor, and its registered Canadian trademarks, when Plaintiff decided to register the domain names that were the subject of the UDRP.  Canada is also the location of several trademark disputes between the parties. (*e.g., see* Exhibit E, Doc. No. 57-2, filed in support of Defendant's Motion for Summary Judgment).

Curiously, Plaintiff had at some point listed the sometimes-mentioned PO Box address at Niagara University as the "registrant's address" for some, but not all of the disputed domain names.  Although the Amended UDRP Complaint, changed the mutual jurisdiction from "the Superior Court of Justice for Ontario" to "the jurisdiction of the courts at the location of the domicile of the Respondent" it could hardly be argued that Defendant, a Polish Company, was knowingly choosing to be subject to the Western District of New York, when all of Defendant's interactions with Plaintiff were in Canada.  Indeed, to this day, Plaintiff holds himself out as a Canadian resident (even signing pleadings with his Canadian address).  The Plaintiff simply has no connection to the Western District of New York that allows him to avail himself of the powers of this jurisdiction, in a blatant attempt to interfere with and upset Defendant's Canadian trademark rights.

Even if jurisdiction is found, the ACPA should not be used as a tool to resolve disputes involving foreign trademark rights and foreign parties.  It appears that Plaintiff manufactured a P.O. Box and asserts a claim under the ACPA trying to convince this Court to ignore the Defendant's rights, the rulings up holding Defendant's trademark rights, and to ignore the UDRP decision which rests on those Canadian trademark rights.

It is clear that the ICANN Rules require that a trademark owner who institutes a UDRP will submit to the personal jurisdiction of the courts in at least one specified "mutual jurisdiction," meaning either at the principal office of the registrar or the domain name holder's address. *See* Rules for UDRP, Rule 3(b)(xiii). However, allowing a foreign party to "forum shop" and attack foreign trademark rights was not the intention of Congress in enacting the ACPA (nor was it the intention of the many scholarly members of the global intellectual property community that drafted the UDRP Rules). Indeed, the Court may take judicial notice (or expert testimony can be provided and briefed) on the fact that many domain name registration information is bogus, fraudulent and not verified. A registrant can put in any information they chose when registering a domain name, such as a purported P.O. Box at Niagara University.[2]

Plaintiff is attempting to exploit an alleged "major flaw" in the WIPO's administration of the UDRP, but Plaintiff's legal position is without merit. It also bears noting that Plaintiff's claims that WIPO and the UDRP should not consider foreign trademarks is beyond the pale. The UDRP was not created to singularly address U.S. trademark rights. The UDRP and WIPO allows marks registered in any national jurisdiction to maintain a UDRP proceeding. Indeed, the UDRP also allows for the consideration of common law trademark rights (albeit requiring a higher standard of proof). As set forth in the original motion papers, Plaintiff has previously

---

[2] Plaintiff utilized an Etobicoke, Ontario address for three (3) of the domain names at issue in this case (specifically, sesamesnaps.net, sesamesnaps.biz and sesamesnaps.org). While two of the domain names at issue (specifically sesamesnaps.com and sesamesnap.com) list a Niagara University P.O. Box as the purported addresses for the Plaintiff. However, on information and belief, the listing of a New York address is nothing more than a sham or a ruse, as Plaintiff has continuously used a Canadian address, including when he filed a trademark application before the United States Patent and Trademark Office (*e.g., see* Exhibit H, Doc. No. 57-2, filed in support of Defendant's Motion for Summary Judgment).

attempted to challenge the Defendant's Canadian trademark rights, but those attempts have failed.

Consistent with *Abitron*, the ACPA should not be used as a tool to resolve disputes involving foreign trademark rights and foreign parties. Plaintiff should not be rewarded by claiming that the ACPA should ignore those valid trademark rights, of which Plaintiff was well aware when he registered the disputed domain names and when he filed this case.

Dated: September 1, 2023                                LIPSITZ GREEN SCIME CAMBRIA LLP


By: */s/ Jonathan W. Brown*
      Jonathan W. Brown, Esq.
42 Delaware Ave., Suite 120
Buffalo, NY 14202
Tel.: (716) 849-1333 x371
Fax: (716) 855-1580
jbrown@lglaw.com

*Counsel for Defendant/Counterclaimant Unitop SP. Z.O.O.*

TO:   David Michaels
         *Pro Se Plaintiff*
         17 Phelps Drive
         Brampton, Ontario
         Canada, L6X 3V8
         (740) 844-3234
         Fax (647) 749-0546
         david@davidmichaels.org