UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID T. MICHAELS,

        Plaintiff-Counterclaim
        Defendant,

                v.

UNITOP SP. Z.O.O.,

        Defendant-Counterclaimant.

16-CV-1015-LJV-JJM
DECISION & ORDER

_____

On December 19, 2016, the plaintiff, David T. Michaels, commenced this action for "reverse domain name hijacking" under 15 U.S.C. § 1114(2)(D)(iv-v) and for a declaratory judgment under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Docket Item 1. On April 20, 2017, the defendant, Unitop Sp. Z.O.O. ("Unitop"), formerly Agros Trading Confectionery Spolka Akcyjna ("Agros"),[1] filed an answer with counterclaims for, among other things, trademark and trade dress infringement. Docket Item 5. On May 19, 2017, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10.

On February 28, 2022, Unitop moved to dismiss the complaint under Federal Rule of Civil Procedure 41(b) based on Michaels's failure to prosecute; in the alternative, Unitop moved for summary judgment. Docket Item 57; *see* Docket Item 57-

---

[1] Michaels commenced this action against Agros. Docket Item 1. The Court later ordered that Unitop be substituted as a defendant, Docket Item 45, based on the parties' stipulation that Agros had been dissolved and Unitop had acquired the company, Docket Item 44.

3.  After Michaels responded to that motion, Docket Item 91, Unitop replied, Docket Item 93, and—with Judge McCarthy's leave, Docket Item 95—Michaels filed a supplemental memorandum, Docket Item 96.

Judge McCarthy then issued an order seeking additional briefing from the parties on subject matter jurisdiction, an issue that neither party had raised.  Docket Item 97; *see Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 473 n.10 (E.D.N.Y. 2019) ("[A district c]ourt has an independent obligation to assure itself that it has subject matter jurisdiction and may raise the issue *sua sponte*[.]").  The parties—as well as an *amicus curiae*, Gerald M. Levine—responded to Judge McCarthy's request.  See Docket Items 98, 101, and 103.

On September 29, 2023, Judge McCarthy issued a preliminary Report and Recommendation ("R&R") in which he stated that he "intend[ed] to recommend that Michaels'[s] [c]omplaint be dismissed for lack of subject matter jurisdiction."  Docket Item 107 at 8.  But because that "recommendation [was] based on certain factors" that neither side yet "had a full opportunity to address," Judge McCarthy invited "additional submissions as to whether [he] should reconsider [his] intended recommendation."  *Id.*  Both Levine, as *amicus*, and Michaels did so.  See Docket Items 108-10.

On October 17, 2023, Judge McCarthy issued a final R&R stating that the latest submissions had given him "no reason to reconsider [his intended] recommendation," and he therefore recommended that Michaels's complaint be dismissed for lack of

subject matter jurisdiction.  Docket Item 113.  The parties did not object to the R&R, and the time to do so now has expired.[2]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  So based on the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to dismiss the complaint for lack of subject matter jurisdiction.

Michaels's complaint therefore is dismissed for lack of subject matter jurisdiction, and Unitop's motion to dismiss the complaint or, in the alternative, for summary judgment, Docket Item 57, is DENIED as moot.  The case is referred back to Judge McCarthy—in particular, to address the viability of the counterclaims—consistent with the referral order of May 19, 2017.  Docket Item 10.

---

[2] Michaels sought four extensions of time to file objections, *see* Docket Items 114, 116, 118, and 120, and this Court granted him four extensions, Docket Items 115, 117, 119, and 121.  In granting the fourth extension, the Court informed Michaels that "[n]o further extensions w[ould] be granted" and that "if Michaels d[id] not file objections by [March 1, 2024], the Court [would] review the R&R based on the submissions made as of that date."  Docket Item 121.  Michaels did not file any objections—or, indeed, any response whatsoever—and the time to do so now has passed.

SO ORDERED.

Dated:   March 28, 2024
         Buffalo, New York

                                                   /s/ Lawrence J. Vilardo
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE

4