UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID T. MICHAELS,

       Plaintiff-Counterclaim
       Defendant,

                                 16-CV-1015-LJV-JJM
   v.                            DECISION & ORDER

UNITOP SP. Z.O.O.,

       Defendant-Counterclaimant.

---

On December 19, 2016, the plaintiff, David T. Michaels, commenced this action for "reverse domain name hijacking" under 15 U.S.C. § 1114(2)(D)(iv-v) and for a declaratory judgment under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Docket Item 1. On April 20, 2017, the defendant, Unitop Sp. Z.O.O. ("Unitop"), formerly Agros Trading Confectionery Spolka Akcyjna ("Agros"),[1] filed an answer with counterclaims for, among other things, trademark and trade dress infringement. Docket Item 5. On May 19, 2017, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10.

On October 17, 2023, Judge McCarthy issued a Report and Recommendation ("the first R&R") recommending that Michaels's complaint be dismissed for lack of subject matter jurisdiction. Docket Item 113. Neither Michaels nor Unitop objected to

---

[1] Michaels commenced this action against Agros. Docket Item 1. The Court later ordered that Unitop be substituted as a defendant, Docket Item 45, based on the parties' stipulation that Agros had been dissolved and Unitop had acquired the company, Docket Item 44.

the first R&R, and after the time to do so had expired, this Court adopted Judge McCarthy's recommendation and dismissed Michaels's complaint for lack of subject matter jurisdiction.  Docket Item 122.  The Court also referred the case back to Judge McCarthy "to address the viability of [Unitop's] counterclaims . . . consistent with the [May 19, 2017] referral order."  *Id.* at 3.

Judge McCarthy then scheduled a teleconference with the parties to address the viability of Unitop's counterclaims and, in advance of that conference, invited the parties to "address in writing whether . . . Unitop's counterclaims [should be dismissed] for lack of subject matter jurisdiction."  Docket Item 124.  When neither party filed a written submission, Judge McCarthy emailed the parties to ask "whether the teleconference was still necessary."  Docket Item 125 at 2.  In response, Unitop stated that it "d[id] not contest the dismissal of the entire action, inclusive of [its] counterclaims, and believe[d] that] a teleconference [wa]s unnecessary."  *Id.*; *see also id.* at 5-6 (copy of email exchange).  Michaels does not seem to have responded.  *See id.* at 2, 5.

Judge McCarthy then issued a second Report and Recommendation ("the second R&R") finding that the counterclaims should be dismissed for lack of subject matter jurisdiction.  *Id.* at 2.  The parties did not object to the second R&R, and the time to do so now has expired.[2]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[2] Neither party has filed any objections to the second R&R.  But on April 30, 2024, Michaels filed a motion for reconsideration of this Court's decision and order adopting the first R&R and dismissing Michaels's complaint for lack of subject matter jurisdiction.  Docket Item 126.  He also moved to amend his complaint to "include details" about a "false statement" made by Unitop as well as its "false advertising."  *Id.*; *see* Docket Item 126-1 at ¶ 6.

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). So based on the absence of any objections—especially given Unitop's not contesting "the dismissal of the entire action, inclusive of [its] counterclaims"—the Court accepts and adopts Judge McCarthy's recommendation to dismiss the counterclaims for lack of subject matter jurisdiction.

Unitop's counterclaims therefore are dismissed for lack of subject matter jurisdiction, and the Clerk of the Court shall close this case.

---

other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Michaels has pointed to no such grounds justifying reconsideration here. Instead, he says that he failed to file objections because he was "unable to complete" them by the deadline. Docket Item 126-1 at ¶ 3. But this Court provided Michaels with four extensions of time to file his objections, *see* Docket Items 115, 117, 119, and 121, and in granting the last extension, it warned him that it would grant no more, *see* Docket Item 121. Michaels's failure to timely file his objections—or, indeed, to file his objections at all—does not justify reconsideration. *See Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)). Michaels's motion for reconsideration, Docket Item 126, therefore is denied and his motion to amend his complaint, *id.*, is denied as moot.

SO ORDERED.

Dated: May 31, 2024
       Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE